**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-4944**

—————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JOHN DAVID WHITE,

              Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.    George J. Hazel, District Judge. (8:13-cr-00356-GJH-1)

—————————

Submitted:  January 29, 2016        Decided:  February 10, 2016

—————————

Before MOTZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Edward Griffin, ADELPHI LLP, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Nicolas A. Mitchell, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted John David White of conspiring to possess and attempt to possess with intent to distribute 500 grams but less than 5 kilograms of cocaine and 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2012); possessing and attempting to possess with intent to distribute 500 grams or more of cocaine and 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a) (2012); maintaining a place for the purpose of distributing controlled substances, in violation of 21 U.S.C. § 856(a)(1) (2012); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced White to a total of 248 months' imprisonment. On appeal, White asserts that the court improperly denied his pretrial suppression motions; that the court improperly instructed the jury and constructively amended the superseding indictment; that insufficient evidence supported the jury verdict; and that the court improperly calculated his sentence based on a drug quantity not found by the jury. We affirm.

I.

White contends that the district court improperly denied his pretrial motions to suppress evidence seized during searches of his car and the storage unit and to exclude his postarrest statements. In evaluating the denial of a suppression motion,

2

"we review the district court's factual findings for clear error and its legal conclusions de novo." United States v. Green, 740 F.3d 275, 277 (4th Cir.), cert. denied, 135 S. Ct. 207 (2014); see United States v. Span, 789 F.3d 320, 325 (4th Cir. 2015) (defining clear error). "We construe the evidence in the light most favorable to the government, as the prevailing party below." Green, 740 F.3d at 277. "We . . . defer[] to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Patiutka, 804 F.3d 684, 689 (4th Cir. 2015) (internal quotation marks omitted).

Contrary to White's assertion on appeal, the record reveals that police did not execute the search warrant until after it was obtained. Additionally, noting that White does not dispute that he was read his Miranda[1] rights, we conclude that he understood and affirmatively waived those rights. The district court's credibility assessment of officer testimony at the suppression hearing is entitled to deference, and White's arguments, which repeat the contentions he raised during the hearing, are not sufficient to overcome that deference. See id.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

Thus, we discern no error in the district court's denial of White's suppression motions.[2]

## II.

Next, White asserts that the district court erred in charging the jury because the instructions were provided in multiple disjunctives despite his being charged in the conjunctive, thereby subverting a unanimous verdict. White also asserts that the court broadened the bases for his convictions by instructing the jury on lesser-included drug quantities.

We review de novo a claim of constructive amendment to an indictment. United States v. Allmendinger, 706 F.3d 330, 339 (4th Cir. 2013). A constructive amendment occurs when "the district court, through its instructions to the jury, . . . broadens the bases for conviction beyond those charged in the indictment." Id. (internal quotation marks omitted). "The key inquiry is whether the defendant has been tried on charges other than those made in the indictment against him." Id. (internal quotation marks omitted).

We reject White's claims. "Courts have uniformly upheld multiple-object conspiracies, and they have consistently

[2] Additionally, to the extent that White challenges the denial of his motion to set aside the verdict based on the suppression rulings, we conclude that the district court did not abuse its discretion. See United States v. Rooks, 596 F.3d 204, 209-10 (4th Cir. 2010) (stating standard).

4

concluded that a guilty verdict must be sustained if the evidence shows that the conspiracy furthered any one of the objects alleged." United States v. Bolden, 325 F.3d 471, 492 (4th Cir. 2003). Additionally, "[i]t is well established that when the Government charges in the conjunctive, and the statute[s, as here, are] worded in the disjunctive, the district court can instruct the jury in the disjunctive." United States v. Perry, 560 F.3d 246, 256 (4th Cir. 2009). Moreover, in drug-trafficking offenses, drug quantity is not an element that must be established for conviction. See United States v. Howard, 773 F.3d 519, 525, 526 (4th Cir. 2014) (stating elements of conspiracy and possession offenses). If an indictment charges a particular drug quantity, "[a] defendant . . . can, if the evidence warrants, be convicted of one of the lesser included offenses based on a smaller amount of the substance." United States v. Cabrera-Beltran, 660 F.3d 742, 753 (4th Cir. 2011) (internal quotation marks omitted). "Because the lesser included offense is included in the charged offense, there is no variance." Id.

### III.

White also asserts that insufficient evidence supports his conspiracy and possession convictions. We review the sufficiency of the evidence de novo. United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015). The jury verdict

5

must be sustained "if it is supported by substantial evidence, viewed in the light most favorable to the government." Id. (defining substantial evidence). A defendant challenging the sufficiency of the evidence to support a conviction bears "a heavy burden," and "reversal for insufficiency must be confined to cases where the prosecution's failure is clear." Id. (internal quotation marks omitted).

We conclude that White fails to overcome his burden. The record reveals that the Government presented substantial evidence at trial establishing that White possessed and attempted to possess cocaine and heroin. See Howard, 773 F.3d at 526; United State v. Herder, 594 F.3d 352, 358 (4th Cir. 2010) (defining constructive possession). Moreover, substantial circumstantial evidence supports White's conspiracy conviction. See Howard, 773 F.3d at 525; United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (discussing nature of conspiracy and proof required).

IV.

Finally, White asserts that the district court erred in sentencing him based on a speculative drug quantity. A district court's legal conclusions at sentencing are reviewed de novo and its factual findings are reviewed for clear error. United States v. Gomez-Jimenez, 750 F.3d 370, 380 (4th Cir.), cert. denied, 135 S. Ct. 305 (2014), and cert. denied, 135 S. Ct. 384

6

(2014).  The court "may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence."  United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009); see Perry, 560 F.3d at 258.  Our review of the record reveals no clear error in the court's drug-quantity determination for purposes of sentencing.

We affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED